UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Curtis Jerome Lemon, | Civil Action No.: 2:18-cv-02421-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Warden of MacDougall Correctional Institution, | |
| Respondent. | |

Petitioner Curtis Jerome Lemon, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends summarily dismissing Petitioner's § 2254 petition as successive and denying a certificate of appealability.[1] *See* ECF Nos. 8 & 13.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Petitioner previously filed a § 2254 petition, which this Court considered on the merits and dismissed with prejudice. *See Lemon v. Warden*, No. 8:08-cv-01055-RBH, at ECF Nos. 1 & 35 (D.S.C.) ("*Lemon I*"); *available at*, 2009 WL 764418 (D.S.C. Mar. 19, 2009), *appeal dismissed*, 339 F. App'x 298 (4th Cir. 2009), *cert. denied*, 559 U.S. 981 (2010). Petitioner has now filed a second § 2254 petition challenging the same convictions that were the subject of his first § 2254 petition. *Compare* ECF No. 1, *with Lemon I* at ECF No. 1. The Magistrate Judge recommends dismissing the instant petition as successive, noting there is no indication that Petitioner obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing it. *See* R & R at pp. 5–8. Petitioner has filed objections to the R & R. *See* ECF No. 13.

The Court agrees with the Magistrate Judge that Petitioner's instant § 2254 petition is successive and must be dismissed. This Court decided Petitioner's first § 2254 petition on the merits. *See Bryant I*, 2012 WL 3597652 (granting the respondent's motion for summary judgment and dismissing the

---

[2] The R & R summarizes the background of this case, with applicable dates and citations to the record.

2

petition). Consequently, the petition currently before the Court is successive.[3] *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (defining a successive petition as one filed after an initial petition was decided on its merits); *see generally Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) ("A summary judgment dismissal *is* a final adjudication on the merits . . . ."); *see, e.g.*, *Washington v. Cartledge*, No. 4:16-cv-00017-PMD-TER, 2016 WL 1444620, at *2 (D.S.C. Mar. 9, 2016) ("[T]he previous petition was dismissed with prejudice as summary judgment on the merits was entered in favor of respondent. Accordingly, the instant [p]etition is successive."), *adopted by*, 2016 WL 1427359 (D.S.C. Apr. 12, 2016).

Moreover, there is no evidence showing Petitioner obtained pre-filing authorization from the Fourth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Easter v. Johnson*, 107 F. App'x 348, 349 (4th Cir. 2004) ("In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the successive petition."). Consequently, the Court lacks jurisdiction over Petitioner's current § 2254 petition and must dismiss it.

### **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of

---

[3] In his objections, Petitioner argues his instant § 2254 petition is not successive because he is challenging the state court's denial of his application for forensic DNA testing (rather than the denial of post-conviction relief). *See* ECF No. 13. However, the petition is still successive because it challenges the convictions that were the subject of his prior § 2254 petition (voluntary manslaughter and first-degree criminal sexual conduct) and that are the reason for his custody in state prison. In any event, Petitioner still has not obtained pre-filing authorization from the Fourth Circuit.

3

appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 8]. Accordingly, the Court **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
November 1, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge